Filed 9/7/23  P. v. Jones CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GREGORY DEAN JONES,<br><br>    Defendant and Appellant. | G061384<br><br>(Super. Ct. No. M-19402)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed and remanded with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Gregory Dean Jones appeals from an order denying his petition to terminate his sex offender registration. He argues and the Attorney General concedes the evidence was insufficient to support the trial court's order. We agree with the parties the trial court erred, and we reverse the trial court's order.

## FACTUAL BACKGROUND

In 1994, Jones pled guilty to three counts of felony child molestation (Pen. Code, § 288, subd.(a)) for acts committed against his then seven-year-old daughter. (All further statutory references are to the Penal Code.) As a result of his convictions, Jones was required to and did register as a sex offender.

In December 2021, pursuant to section 290.5, Jones filed a petition to terminate his sex offender registration requirement. After briefing and a hearing, in May 2022, the trial court denied the petition. Jones appealed.

## DISCUSSION

Section 290 et seq. requires a person convicted of certain sex crimes to register as a sex offender. Originally, all sex offenders were subject to a lifetime registration requirement. Effective January 1, 2022, section 290 was amended to provide for three tiers of registration for sex offenders, based primarily on the offense. (Stats. 2021, ch. 626, § 25.) Registration requirements can now be for 10 years, 20 years, or a lifetime. (§ 290, subd. (d).) Section 290.5 permits sex offenders in the 10-year and 20-year tiers to petition the trial court to terminate their registration requirements. The key consideration for the trial court in considering such a petition is whether "community safety would be significantly enhanced by the person's continued registration." (§ 290.5, subd. (a)(2).)

In making its decision, the trial court must consider: "[T]he nature and facts of the registerable offense; the age and number of victims; whether any victim was a

2

stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available."  (§ 290.5, subd. (a)(3).)

"An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion.  [Citation.]  To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reason, i.e., was arbitrary, capricious, or patently absurd. [Citation.]  [¶] 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.]  A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*People v. Thai* (2023) 90 Cal.App.5th 427, 433.)

In this appeal, Jones contends the trial court erred in denying his petition to terminate sex offender registration because the prosecution failed to meet its burden of establishing community safety would be significantly enhanced by Jones's continued registration.  Jones claims the trial court's order was based solely on the egregiousness of his crimes and the court's speculation that if he were charged today he could be charged with crimes requiring lifetime registration.  At the hearing, the prosecutor admitted no assessment of Jones's current risk of sexual or violent reoffense had been completed. The trial court's order denying Jones's petition reads:  "After hearing, the court DENIES the petition to terminate the adult sex offender registration requirement because the court

3

finds that . . . [¶] . . . [¶] Community safety would be significantly enhanced by the petitioner's continued registration. The court's findings are . . . set forth below: underlying facts of the admitted facts [*sic*], the victim's age & relationship to defendant, subsequent violation, actions of violence toward victim's mother, and the significant and varied sexual acts (including penetration) committed against his 7-year old daughter."[1]

In *People v. Thai*, another panel of this court held evidence of the underlying offense is not sufficient by itself to establish the defendant's continued sex offender registration would significantly enhance community safety. (*People v. Thai, supra,* 90 Cal.App.5th at pp. 434–435.) Based on the holding of *People v. Thai*, the Attorney General concedes "the prosecutor did not present any current risk evidence although it was her burden to do so in order to support the community safety rationale as a basis for denying the petition. Without any evidence that [Jones] presents a current risk of reoffending to the community, the evidence is insufficient to support the trial court's ruling." Therefore, the Attorney General does not offer any opposition to Jones's appeal.

We agree with Jones and the Attorney General the evidence was insufficient to establish Jones's continued registration as a sex offender would significantly enhance community safety. The trial court therefore abused its discretion by denying Jones's petition. The order denying the petition to terminate sex offender registration must be reversed.

---

[1] The subsequent violation was a failure to register in 1998, resulting in a probation violation. The reference to acts of violence against the victim's mother actually involved alleged threats to a former girlfriend in 1994, not to the victim's mother; Jones denied making these threats.

4

## DISPOSITION

The postjudgment order is reversed and the matter is remanded with directions to grant the petition.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


DELANEY, J.